IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DONALD RAY JOHNSON, Jr. #1596526 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv199 |
| WARDEN JUAQUINE E. POPE, et al., | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Donald Ray Johnson, Jr., an inmate of the Texas Department of Criminal Justice (TDCJ) proceeding *pro se* and *in forma pauperis*, filed a civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights in the Coffield Unit of the TDCJ. The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I. Procedural History and Alleged Facts**

Plaintiff originally filed suit in April 2023, purporting to bring suit on behalf of himself and five other inmates, none of whom signed the complaint, paid a filing fee, or moved for leave to proceed *in forma pauperis*. (Dkt. #1.) The Court ordered that Plaintiff Johnson and each purported Plaintiff must file a separate complaint asserting only his own claims. (Dkt. #5.) To date, Plaintiff Johnson is the only Plaintiff to file an amended complaint, which is now before the Court for review pursuant to the Prison Litigation Reform Act (PLRA). The status of the other purported Plaintiffs will be addressed separately.

In his amended complaint, Plaintiff Johnson alleges violations of his right to due process in connection with his hearing on August 8, 2022, for disciplinary offense #20220180013. (Dkt.

#12 at 7.) Specifically, he alleges that key evidence had been destroyed and was unavailable for him to use in his defense at the hearing. He further alleges that his grievance about that issue did not result in a proper investigation or remedy. And he complains that individuals involved with the controversy over the disciplinary case evidence were also involved in his classification hearing, which he suggests amounts to another violation. Plaintiff does not expressly state that he was convicted of the disciplinary offense or what, if any, discipline was imposed. He alleges simply that his "rights were violated and a great deal of harm has been suffered." (Dkt. #12 at 9.)

Plaintiff sues an assistant warden and several other staff members of the Coffield Unit and seeks an injunction to "reform" disciplinary and grievance procedures and damages of $50,000 from each Defendant. (*Id.* at 7.)

## II. Legal Standards and Preliminary Screening

Because Plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity, his claim is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because Plaintiff is proceeding *in forma pauperis*, his claim is also subject to screening under section 1915(e)(2). Both statutes provide for *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id.* (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening

2

under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County, Texas*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

Although all well-pleaded facts are taken as true, the district court need not accept true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a

"formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

### III. Discussion and Analysis

A. <u>Disciplinary Due Process Claim</u>

To trigger a due process right, a plaintiff must allege the deprivation of a constitutionally protected liberty interest. *Hernandez v. Velasquez*, 522 F.3d 556, 562 (5th Cir. 2008) (citing *Meachum v. Fano*, 427 U.S. 215, 223 (1976)). Prisoners only have a right to due process when they face punishments that constitute "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Plaintiff does not allege that he received any punishment as a result of his disciplinary action that rise to that level.

As mentioned above, Plaintiff does not specify the punishment he received as a result of of his presumed disciplinary conviction. But, for example, neither a short-term placement on cell restriction (segregation) nor a temporary loss of commissary or other privileges is "atypical and significant" in the prison setting. *See Antone v. Preschel*, 347 F. App'x 45, 46 (5th Cir. 2009); *Gaona v. Erwin*, 224 F. App'x 327, 328 (5th Cir. 2007); *see also Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) ("We agree that Madison's 30[-]day commissary and cell restrictions as punishment are in fact merely changes in the conditions of confinement and do not implicate due process concerns.").

Plaintiff could theoretically state a due process claim in connection with any loss of accrued sentence credits as a result of his disciplinary conviction. *See Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000) ("[W]hen a state creates a right to good time credit and recognizes that its

revocation is an authorized sanction for misconduct, a prisoner's interest therein is embraced within the Fourteenth Amendment's liberty concerns so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that this state-created right is not arbitrarily abrogated.").

But there is no protected liberty interest in such credits when an inmate is not eligible for release on mandatory supervision. *See Stewart v. Crain*, 308 F. App'x 748, 750, 2009 WL 166700 *2 (5th Cir. 2009) ("Because Stewart is ineligible for early release under the Texas mandatory supervision scheme, he has no constitutional protected liberty interest in previously earned good-time credits."). Here, publicly available prison records establish that Plaintiff has been convicted of robbery. Texas Department of Criminal Justice Inmate Information Details, available at: https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=05793801 (last visited June 7, 2022). That conviction renders Plaintiff ineligible for release onto mandatory supervision. *See* Tex. Gov. Code §§ 508.149(a)(11) (robbery) (2003). Consequently, Plaintiff has no protected liberty interest in any sentence credits he may have lost as a result of his disciplinary conviction, and his entire due process claim arising from the disciplinary hearing should be dismissed.

Moreover, any claim arising from lost credits would not be cognizable under Section 1983 unless and until Plaintiff succeeds in having his disciplinary conviction reversed, expunged, or otherwise invalidated by state action or the issuance of a federal writ of habeas corpus. *Edwards v. Balisok*, 520 U.S. 641, 646–47 (1997). That rule applies to any civil claim that would "necessarily imply the invalidity of the punishment imposed." *Id*. Plaintiff does not allege that he has had his disciplinary conviction overturned, and his claim that his grievances about his disciplinary hearing were not properly investigated or acted upon clearly indicate otherwise. Accordingly, his due process claims arising from that conviction are not cognizable and would

have to be dismissed, subject to being re-filed later if and when he succeeds at invalidating his disciplinary conviction, even if he had established a right to due process. *See*, *e.g.*, *Young v. Moore*, No. 2:16-CV-392, 2017 WL 8031442, at *4 (S.D. Tex. Apr. 6, 2017), *report and recommendation adopted*, No. 2:16-CV-00392, 2018 WL 1122974 (S.D. Tex. Mar. 1, 2018) (recommending that "any claim Plaintiff brings for relief based on the result of a disciplinary hearing should be dismissed without prejudice because it is not cognizable in this lawsuit").

      B.  <u>Reclassification Due Process Claim</u>

To the extent Plaintiff's amended complaint can be read to raise a claim about his classification hearing, that claim also fails. Like his disciplinary punishments, Plaintiff's change in security classification did not trigger any right to due process under the Fourteenth Amendment. "[G]enerally speaking, a prisoner has no liberty interest in his custodial classification." *Hernandez*, 522 F.3d at 562. "Great deference is accorded to prison officials in their determination of custodial status." *Butler v. S. Porter*, 999 F.3d 287, 296 (5th Cir. 2021), *cert. denied sub nom. Butler v. Porter*, 142 S. Ct. 766 (2022). As the Court indicated above, moving a prisoner to a more restrictive setting will only give rise to due process rights when the new circumstance "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

Courts thus consider "the severity and duration of restrictive conditions to decide whether a prisoner has a liberty interest in his custodial classification." *Butler*, 999 F.3d at 296. That threshold might be satisfied by prolonged confinement on lockdown status or solitary confinement. *Hernandez*, 522 F.3d at 563. For example, indefinite confinement in "supermax" conditions, entailing a near-total prohibition on human contact and communication, lights on for twenty-four hours a day, disqualification from parole consideration, and only annual placement reviews, is

sufficiently atypical and significant to trigger some due process. *Wilkinson v. Austin*, 545 U.S. 209, 224 (2005).

Plaintiff does not allege that his reclassification resulted in any atypical and significant conditions as required to trigger any constitutional right to due process. *Espinoza v. Benoit*, 108 F. App'x 869, 871 (5th Cir. 2004) (finding that close custody confinement "does not constitute an 'atypical and significant hardship … in relation to the ordinary incidents of prison life'"). Plaintiff therefore fails to state a claim for relief in connection with his presumed reclassification.

C.  Grievance Process Claims

Plaintiff's claim that his grievances have been ignored or mishandled does not establish a violation of his constitutional or federal statutory rights. Like all prisoners, Plaintiff has no due process right to an effective prison grievance system, and "any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005); *see also Schwarzer v. Wainwright*, 810 F. App'x 358, 360 (5th Cir. 2020) ("Schwarzer cannot demonstrate that prisoners have a constitutional right to a grievance system.").

Plaintiff might be asserting some right to some action particularly on his complaints of official misconduct with regard to disciplinary evidence or procedure. But citizens do not have any constitutional right to have another individual investigated, disciplined or prosecuted, even when the parties involved are inmates or correctional officers. *Oliver v. Jackson Corr. Ctr.*, No. 3:12-CV-2660, 2013 WL 596155, at *3 (W.D. La. Jan. 22, 2013), *report and recommendation adopted*, No. 3:12-CV-2660, 2013 WL 596153 (W.D. La. Feb. 15, 2013) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), and *United States v. Batchelder*, 442 U.S. 114, 124 (1979)); *see also*

*Williams v. Washington*, No. 96 C 0704, 1997 WL 201579, at *3 (N.D. Ill. Apr. 16, 1997) ("Williams had no legal right to have the correctional officers punished, or to have an investigation conducted."). Accordingly, any claim premised on the failure to take some action necessary to facilitate such discipline or prosecution fails to state a claim for a constitutional violation.

## IV. Conclusion

For the reasons set forth above, Plaintiff's amended complaint fails to state a claim upon which relief can be granted. Dismissal is appropriate where Plaintiff has already had a chance to cure his deficiencies but still fails to state a viable claim. *See Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986) (holding that "once given adequate opportunity, even a *pro se* complaint must contain specific facts supporting its conclusions"); *Garcia v. City of Lubbock, Texas*, 487 F. Supp. 3d 555, 566 (N.D. Tex. 2020) (dismissing where inmate had "already amended his complaint once" and been afforded "an opportunity to further flesh out his claims").

<u>RECOMMENDATION</u>

Accordingly, the undersigned recommends that Plaintiff Johnson's claims be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(b) for failure to state a claim upon which relief can be granted.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to

factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 7th day of June, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE