IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| DONALD RAY JOHNSON, JR., #1596526,<br><br>    Plaintiff,<br><br>v.<br><br>WARDEN JUAQUINE E. POPE, et al.,<br><br>    Defendants. | § § § § § § § § § § § § § § | Case No. 6:23-cv-199-JDK-JDL |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Donald Ray Johnson, Jr., a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. He purported to file the complaint on behalf of himself and five other inmates, none of whom signed the complaint or have appeared in this case. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

On June 7, 2023, Judge Love issued a Report and Recommendation recommending that the Court dismiss this case with prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(1) for failure to state a claim upon which relief can be granted. Docket No. 14. Plaintiff filed written objections. Docket No. 23.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United*

1

*Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Plaintiff sued an assistant warden and several other TDCJ Coffield staff members alleging violations of his right to due process arising from a disciplinary hearing, the failure to take corrective steps in response to his grievance, and a reclassification hearing. The Magistrate Judge recommends dismissal because (1) Plaintiff established no protected liberty interest entitling him to due process at the disciplinary hearing; (2) Plaintiff established no protected liberty interest entitling him to due process in connection with his custody reclassification; and (3) prisoners have no constitutional right to an effective grievance process. Docket No. 14 at 4–8.

Plaintiff's objection primarily contests the question of his entitlement to due process in the disciplinary hearing and related reclassification that resulted in his transfer to "a more harsh facility." Docket No. 23 at 5. But, for the reasons the Magistrate Judge explained, Plaintiff had no constitutional right to less-restrictive confinement, and the conditions Plaintiff described are not atypical and do not suggest significant deprivations in comparison to ordinary prison life. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). Plaintiff also complains of a parole denial consequent to his disciplinary conviction (*id.* at 2), but TDCJ inmates have no constitutional right to parole. *See Greenholtz v. Inmates of Neb. Penaland Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a

convicted person to be conditionally released before the expiration of a valid sentence."); *Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir. 1981) ("We hold that the Texas Adult Probation, Parole and Mandatory Supervision Law does not create a protectible expectancy of release recognized by the Supreme Court in *Greenholtz*.") (internal citation omitted).  Accordingly, Plaintiff has no constitutional liberty interest in parole that would trigger a right to due process.  *See Toney v. Owens*, 779 F.3d 330, 341–42 (5th Cir. 2015) (stating that the court has consistently held that Texas prisoners cannot mount a challenge against any state parole review procedure on procedural due process grounds); *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) ("[B]ecause Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds.").

Plaintiff's objection also raises issues that are immaterial to this matter, including alleged retaliation and unpleasant conditions of his confinement that are unrelated to his reclassification.  Docket No. 23 at 5 (smoke inhalation and "negligence of adequate meals"), 6 (asserting "several retaliatory acts" that he "should have" included in his amended complaint).  None of those circumstances has any bearing on whether the facts alleged in Plaintiff's amended complaint state a claim for which relief can be granted.  If Plaintiff wishes to pursue claims about matters not previously raised in this case, he is free to do so by filing a new lawsuit subject to the applicable limitations periods and fee requirements.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 14) as the opinion of the District Court. The other inmates named as plaintiffs on the original complaint did not sign the complaint, have never appeared to litigate any claims in this matter, and are deemed not to be actual parties to this case; the Clerk is **DIRECTED** to terminate them as parties to this action. Plaintiff's claims in this case are **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915A and 1915(e).

So **ORDERED** and **SIGNED** this **1st** day of **August, 2023.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE